# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS WOODALL, | ) | CASE NO. 1:24-CV-1410 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| UNITED STATES OF AMERICA, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## I. INTRODUCTION

*Pro se* Plaintiff Nicholas Woodall filed this civil rights action against the United States of America alleging a violation of his First Amendment right of access to the courts and his Due Process and Equal Protection rights under the Fifth and Fourteenth Amendments. (ECF No. 1, PageID #6–9). Plaintiff's complaint appears to concern his desire for free access to PACER ("Public Access to Court Electronic Records"), the federal court's electronic case docket. (*Id.* at PageID #7). Although he acknowledges that "some federal courthouses" provide public access to PACER by making available computer terminals that "are already logged in," he claims that this access is limited to the district in which the courthouse is located. (*Id.*).

Plaintiff appears to argue that this practice of the Court depriving him of access to the docket of every federal court nationwide, via one local terminal, violates his right of access to the courts and his equal protection and due process rights. (*Id.*). He asserts that "national dockets hold case law" and "the costs [to obtain the information] have prevented [Plaintiff] from simply looking at any 'public' case I wish and learning from it." (*Id.* at PageID #8). Plaintiff states that

1

this alleged conduct deprives him of "equal access and/or equal protection," "justice," "knowledge, news, and privacy," and "education, research, and [the] ability to make effective claims." (*Id*. at PageID #7–8). He also claims the alleged deprivation is "discriminating." (*Id.* at PageID #8).

Plaintiff seeks compensatory damages in the amount of $1,250,500 plus "an additional $50,000 for every month from the date of service on the defendants till the case is decided." (*Id*. at PageID #9). Plaintiff also seeks "free and open access to dockets of all the 'districts' and 'circuits' of the nations federal courts from all federal courthouses by way of public access terminals." (*Id*.). Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 2). The application is **GRANTED**.

## II. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.

2

Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In reviewing a complaint, the Court must construe the pleadings in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. DISCUSSION

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction afforded *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Although specific facts are not required to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give Defendant fair notice of what Plaintiff's legal claims are and the factual grounds on which they rest. *Id.*

Here, Plaintiff's complaint, even liberally construed, fails to meet the most basic pleading standard under Rule 8. Plaintiff's complaint is devoid of facts. The complaint consists entirely of conclusory allegations that his constitutional rights have been violated. It fails to connect any alleged occurrence to a specific, cognizable injury. Plaintiff also fails to coherently identify how Defendant has harmed him. Merely listing constitutional amendments as the basis for a cause of action does not meet the federal pleading standard. The Court and Defendant are left to guess at basic elements of Plaintiff's purported claims. The complaint is dismissed because it does not

satisfy the minimum pleading requirements of Rule 8.

Even if Plaintiff had met the minimum pleading requirements of Rule 8, he fails to state a claim upon which relief may be granted. PACER is an electronic public access service that allows users to obtain case and docket information from federal district, appellate, and bankruptcy courts, and the PACER Case Locator, over the internet. *See* https://www.pacer.uscourts.gov. PACER provides access to court dockets, judicial opinions, searches of case-related information, information about the status of a particular case, and audio files of court hearings. *Id*. There is no fee to register for PACER. *See* PACER User Manual for CM/ECF Courts https://www.pacer.uscourts.gov/documents/pacermanual.pdf. However, users are charged $0.10 per page printed, viewed, or downloaded, and the charge for any single document is capped at $3. *Id*. PACER records are free if a user accrues less than $30 of charges within a calendar-year quarter, an individual is a party in a case and receives notification of a free copy from the court, an individual is exempted, an individual accesses case information at a federal courthouse, or an individual accesses court opinions. *Id.*

Individuals seeking an exemption must demonstrate "that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." *Chasteen v. Johnson*, 2013 WL 811412, at *1 (S.D. Ohio Mar. 5, 2013). Exemptions should be granted as the exception, not the rule. *Id.*

There is no indication that Plaintiff is a party to a federal case. Rather, he generically states that he needs access to court case information "to make effective claims." (ECF No. 1, PageID #8). It therefore appears that Plaintiff is seeking free legal research unrelated to any pending litigation. Plaintiff provides no facts suggesting that a PACER fee exemption is necessary to avoid unreasonable burdens and to promote public access to information. *See Chasteen*, 2013 WL

4

811412, at *1. Plaintiff's allegations that requiring him to pay PACER fees will deny him access to information and his right of access to the courts is unsupported and conclusory. *See Lewis v. Casey*, 518 U.S. 343, 352–53 (1996) (to state a constitutional claim for denial of access to courts, a plaintiff must show actual injury, which can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access to the court). Additionally, although Plaintiff may have established the inability to afford the filing fees associated with this lawsuit, the Court has no basis upon which to determine that Plaintiff is financially incapable of affording the minimal costs of the PACER system. "The statutory right to proceed in forma pauperis . . . does not include the right to obtain copies of court orders without payment therefor." *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (per curiam); *see also Malouf v. Detroit Med. Ctr.*, No. 10-CV-14763, 2011 WL 1465787, at *1 (E.D. Mich. Apr. 18, 2011). Moreover, to the extent Plaintiff is seeking a PACER fee exemption to obtain documents filed in other cases for purposes of legal research, that request is overbroad. *See Delgado v. Donald J. Trump for President, Inc.*, No. 19-CV-11764, 2024 WL 3534451, at *2 n.1 (S.D.N.Y July 25, 2024). "Legal research is not the primary purpose of PACER. It is atypical for litigants to be given free access to documents filed in cases in which the litigant is not a party." *Id.*

To the extent Plaintiff claims he has been deprived of his due process or equal protection rights under the Fifth Amendment, Plaintiff fails to state a claim upon which relief may be granted. The Fifth Amendment provides that "no person shall be deprived of life, liberty, or property, without due process of law."[1] U.S. Const. amend. V. To plead a violation of due process or equal

---

[1] The Fourteenth Amendment makes the Due Process Clause applicable to the states. U.S. Const. amend. XIV. Plaintiff's due process claim addresses the actions of a federal defendant, so the Fourteenth Amendment's Due Process Clause does not apply. *See Palmer v. Schuette*, 768 F. App'x 422, 426–27 (6th Cir. 2019) (stating the Fifth Amendment due process guarantee applies to federal officials, while the Fourteenth Amendment due process protections apply to state officials). Similarly, courts evaluate equal protection claims against the federal government under the Fifth Amendment, as Fourteenth Amendment

protection under the Fifth Amendment, Plaintiff must assert "the existence of a constitutionally protected property or liberty interest." *Martin v. O'Brien*, 207 F. App'x 587, 589 (6th Cir. 2006); *Isbell v. Merlak*, No. 4:17-cv-76, 2018 WL 4055612, at *6 (N.D. Ohio June 25, 2018). Here, Plaintiff has failed to identify a protected liberty or property interest of which he has been deprived. To the extent he purports to claim a constitutionally protected interest in free legal research, there is no such right. *See Lewis*, 518 U.S. at 351 (courts repeatedly have recognized there is no constitutionally protected right of access to a law library); *Carlock v. Osborne*, No. 4:14CV-P14-M, 2014 WL 2218211, at *3 (W.D. Ky May 28, 2014) ("[T]he right of access to the courts has never been equated with unlimited access to legal materials and assistance.") (citing *Walker v. Mintzes*, 771 F.2d 920, 931 (6th Cir. 1985)). Plaintiff therefore fails to state a claim upon which relief may be granted.

### IV. CONCLUSION

Accordingly, the Court **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e). Further, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: November 20, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

---

equal protection claims apply to state and local governments. *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011).